UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LATENTIER, LLC,

        Plaintiff,

v.                                                     Case No. 08-C-501

INTERNATIONAL PAPER COMPANY,

        Defendant.

**DECISION AND ORDER**

Defendant International Paper Co. has filed a motion seeking leave to amend its inequitable conduct counterclaim to add Roger Hoffman, the president of Plaintiff Latentier LLC, as a party. Hoffman is the named inventor of the patent in suit, and Defendant alleges he was the party who committed inequitable conduct. Defendant seeks to add him has a party because Plaintiff has asserted, or at least insinuated, that it is not a collectible party.

Latentier argues that the issue of collectability is a red herring. It never asserted that it would be unable to pay a judgment, and it further notes that International Paper never even asked an interrogatory about its finances. As such, it believes International Paper's motion must be considered a bad faith effort to harass Latentier and delay these proceedings.

Latentier's objections, however, are not adequately supported. The issue of Latentier's finances was clearly at issue in this case since January, as evidenced in a January 26 letter from International Paper's counsel. (Dkt. # 56, Ex. B.) Moreover, Latentier's assertion that Hoffman would not be able to defend himself is unwarranted. The current motion for summary judgment is

brought against Latentier, not Hoffman. As such, there is little reason to conclude that Hoffman will be prejudiced by being named as a defendant at this stage. The addition does not create a new cause of action but merely names Hoffman as a party in the event Latentier proves uncollectible. Accordingly, because leave to amend is to be freely granted, Fed. R. Civ. P. 15(a), and because International Paper has shown a just reason for the amendment, the motion to amend is **GRANTED**.

Plaintiff Latentier has filed its own motion to amend. It seeks to add a claim for trade secret misappropriation in violation of Wis. Stat. § 134.90. It states that absent good reason to the contrary, amendments are routinely granted in federal court. But, as International Paper notes, this is not exactly true. It is true that amendments in federal court are granted liberally as a means of getting beyond archaic code pleading and highly technical procedural requirements that get in the way of reaching the merits and substance of a dispute. But that does not mean that the burden is on the party opposing an amendment to come up with a good reason against it. Rule 15(a) states that courts should grant amendments freely "when justice so requires," and that implies that a movant must do more than file a motion and wait for the opponent to cite a reason the amendment should not be granted. This is particularly true when: (a) the amendment adds a new claim; (b) summary judgment motions have already been filed; and (c) the case is two years old, as this one is. International Paper notes that there has been no explanation for why such an amendment could not have been filed sooner, and without any showing that justice requires the amendment I conclude the motion should be denied. *See Kleinhans v. Lisle Sav. Profit Sharing Trust,* 810 F.2d 618, 625 (1987) (noting movant's "failure to adequately explain the unreasonable delay in moving to amend his complaint"); *J.P. Morgan Chase Bank, N.A. v. Drywall Service & Supply Co., Inc.,* 265 F.R.D.

2

341, 347 (N.D. Ind. 2010) ("If the moving party fails to provide any explanation for not filing its amendment sooner or if the explanation it provides is inadequate, that will weigh towards denying leave to amend.")

In light of the liberal federal approach to amendments, however, the motion to amend (Dkt. # 57) is **DENIED** without prejudice. If Plaintiff can set forth good reason for the delay and demonstrate that the amendment would not be prejudicial or delay discovery, it may file a subsequent motion to that effect.[1] The motion to amend the counterclaim (Dkt. # 55) is **GRANTED**.

**SO ORDERED** this   13th   day of May, 2010.

     s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

---

[1] As always, however, the parties are encouraged to attempt to reach agreement on such matters.